UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Louis Eric Johnson, #136192,<br><br>                     Petitioner,<br><br>vs.<br><br>Ronnie Strength, Sheriff of Richmond County, Georgia,<br><br>                     Respondent. | ) C/A No. 3:10-2698-JMC-JRM<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Petitioner is a South Carolina state prisoner, currently serving a twenty-five year sentence at Evans Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. On a petition form for use by prisoners seeking a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner asks this Court to tell a Georgia Sheriff to remove a detainer from Petitioner's SCDC record. The detainer is based on a 1985 Richmond County, Georgia burglary charge that is allegedly outstanding. His attachments show that he wrote an information request to the Clerk of Court for the Georgia county involved, but it appears that they were unable to provide him with any information about the supposed charge. He does not state that he instituted any Georgia court proceedings in an attempt to test the validity of the detainer and/or to compel its removal from his SCDC record prior to filing this case.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

Initially, although it is not clear whether Petitioner submitted his habeas corpus petition under the correct federal statute. The form that was used was the Court-approved form for a state prisoner challenging the state conviction on which he is confined under 28 U.S.C. § 2254. However, Petitioner makes it clear within his Petition that he is not challenging the South Carolina conviction on which he is currently serving a sentence. Instead, he is attempting to challenge a detainer based

2

on an apparently un-finalized 1985 burglary charge in Georgia. He claims that the presence of this detainer is negatively affecting his classification and his available opportunities and activities while he is incarcerated in South Carolina. In essence, one could say either that Petitioner is complaining about the manner of execution of his South Carolina sentence or that he is attempting to challenge the validity of the Georgia detainer that is lodged against him and thus challenging the underlying validity of a state claim on which he is held in custody. *See Estelle v. Dorrough*, 420 U.S. 534, 536 n. 2 (1975)(detainer warrant is sufficient "custody" to confer habeas corpus jurisdiction).

In similar circumstances, the Fourth Circuit Court of Appeals has recognized that there is a split of authority among the federal circuits as to whether such claims should be raised by state prisoners through § 2254 or through the somewhat broader habeas corpus statute used by federal prisoners and state or federal pre-trial detainees: 28 U.S.C. § 2241. *Gregory v. Coleman*, 218 Fed. App'x 266, *1n* (4th Cir. 2007)(affirming as "debatable" an order construing a petition filed under § 2241 as an untimely § 2254 petition). The Fourth Circuit has not authoritatively ruled on the issue, but the majority of circuits have ruled in favor of § 2254 being used by state prisoners to raise issues regarding the manner of execution of their state sentences.[1] Accordingly, the undersigned accepts the § 2254 Petition submitted in this case as submitted under the proper federal statute, and

---

[1] *See Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004)(relying on *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), and holding: "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition.")*; White v. Lambert,* 370 F.3d 1002, 1005-09 (9th Cir. 2004)(explaining the distinctions between § 2254 and § 2241; where a prisoner is in custody *under a state court judgment*, § 2254 is exclusive jurisdictional grant); *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001) (state inmate challenging execution of sentence must proceed under 28 U.S.C. § 2254, not 28 U.S.C. § 2241); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)(same); *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000) (same).

recommends summary dismissal for lack of personal jurisdiction over Respondent and for lack of exhaustion of state remedies.

The first reason that this case should be summarily dismissed is that this Court does not have personal jurisdiction over a Georgia Respondent. A § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-500 (1973). In *Norris v. Georgia*, 522 F.2d 1006 (4th Cir. 1975), the petitioner was a North Carolina inmate who sought dismissals of detainers lodged against him by the states of Georgia and Louisiana. The lower court in *Norris* effected service on those two states by mailing copies of the petition to the Attorney General of Georgia and the Attorney General of Louisiana. *Norris v. State of Georgia*, 357 F. Supp. 1200 (W.D.N.C. 1973). In affirming in part, but reversing the decision of the district court on the issue of personal jurisdiction, the United States Court of Appeals for the Fourth Circuit stated, "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'" *Norris v. Georgia*, 522 F.2d at 1009n. 2. Under the holding in *Norris*, the Sheriff of Richmond County, Georgia cannot be reached by service of process issued by the United States District Court for the District of South Carolina. *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 948 (2d Cir. 1976). Moreover, the Attorney General of Georgia cannot be substituted for the Sheriff and then be served by mail from the District of South Carolina. *Norris*, 522 F.2d at 1009n. 2. Accordingly, even if the Petition were otherwise properly brought under this Court's subject matter jurisdiction, it would need to be

4

dismissed because of the only named respondent is not covered under the Court's personal jurisdiction.

Moreover, if Petitioner had named a proper respondent over whom personal service could be obtained, for example if Petitioner had named the Warden of Evans Correctional Institution as Respondent, the Petition submitted would still be subject to summary dismissal because it is clear that Petitioner has not exhausted his available state remedies for challenging the validity of the Georgia detainer on his SCDC record. A habeas petitioner is generally required to exhaust state remedies whether his action is brought under either § 2241 or § 2254. *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). The exhaustion requirement applies to habeas petitions which assert claims of Interstate Agreement on Detainers Act (IAD) violations or otherwise seek to challenge detainers placed in their state or federal prison records by other states. *Gilstrap v. Godwin*, 517 F. 2d 52 (4th Cir. 1975); *Wallace v. Crawley*, 817 F. 2d 103 (Table) (4th Cir. 1987)( text in Westlaw: 1987 WL 35965); *see also Kane v. Virginia,* 419 F. 2d 1369, 1372-73 (4th Cir. 1970)(granting remedy of removal of detainer despite lack of exhaustion where foreign state representative orally informed court that state would not try the petitioner). Although Petitioner in this case indicates that he wrote at least one letter to the Clerk of Court of Richmond County, Georgia asking about the status of the burglary charge that is the subject matter of the disputed detainer, there is nothing in the Petition or attachments thereto indicating that Petitioner instituted any type of action in the Georgia state courts in an attempt to test the validity of the detainer or seek its dismissal under the Interstate Agreement on Detainers Act

(IAD), which has been adopted by the states of South Carolina and Georgia. *See* S.C. Code Ann. §§ 17-11-10 through 17-11-80; *see also Ga*. Code Ann. §§ 42-6-20 through 42-6-25.

Under the IAD, when one jurisdiction lodges a detainer against a prisoner held in another jurisdiction, the prisoner is generally entitled to a trial in the jurisdiction that lodged the detainer within 180 days of making his request to "the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction . . ." for "a final disposition to be made of the indictment, information or complaint [that is the basis for the detainer on file]." *Id.*, at §§ 17-11-10 and 42-6-20; *United States v. Ross*, 243 F. 3d 375, 376 (7th Cir. 2001). Since there is no indication that Petitioner began any type of formal proceedings to test the validity of the detainer of which he complains in the Richmond County, Georgia courts under the IAD, it is clear that he has not exhausted his state remedies as required before federal habeas corpus relief is available. Without such exhaustion, the Petition submitted in this case should be summarily dismissed.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2254 Petition in this case be dismissed *without prejudice* and without requiring Respondent to file a return. *See Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Joseph R. McCrorey
United States Magistrate Judge

November 29, 2010
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).